IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES WINDERLIN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br>Case No. 2:05-cv-00699 |

On April 7, 2004, this court sentenced Christopher James Winderlin, following his entry of a guilty plea. On August 17, 2005, the defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court DENIES this motion — Mr. Winderlin filed it outside of the limitations period outlined in § 2255.

## BACKGROUND

In the underlying criminal case,[1] Mr. Winderlin faced charges of Possession of Firearms by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); Possession of Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); Possession of a Firearm with an Obliterated Serial Number, in violation of 18 U.S.C. § 922(k); and Possession of a Controlled

---

[1] Case No. 2:02cr522.

Substance, in violation of 21 U.S.C. § 844. Mr. Winderlin pleaded guilty on December 4, 2002. This court sentenced him to forty-six months in prison followed by thirty-six months supervised release on April 7, 2003.

Mr. Winderlin filed his motion to vacate, set aside, or correct his sentence pursuant to § 2255 on August 17, 2005. In his motion, Mr. Winderlin claims the court should vacate or correct his sentence on the grounds of (1) credit for time served prior to sentencing, and (2) ineffective assistance of counsel.

## **DISCUSSION**

Mr. Winderlin's motion fails on procedural grounds because he filed it outside of the limitations period. As a general rule, a prisoner may not file a § 2255 motion for federal post-conviction relief more than one year after his conviction becomes final.[2] Motions filed pursuant to § 2255 must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[3]

In this case, Mr. Winderlin presents no arguments showing an intent to rely on subsections (2), (3), or (4), and none of this sections appear to apply. The court, therefore, limits in analysis to subsection (1). Under Rule 4(b)(1), Mr. Winderlin had ten days after April 7, 2003,

---

[2]*United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

[3]28 U.S.C. § 2255.

Case 2:02-cr-00522-TS   Document 49   Filed 10/13/06   Page 3 of 3

the date the court entered judgment against him, in which to file a notice of appeal.[4]  Mr. Winderlin filed no appeals.  Mr. Winderlin then had one year — or until April 17, 2004 — in which to file his § 2255 motion.  However, Mr. Winderlin first filed his motion on August 17, 2005.  There is no indication anything beyond Mr. Winderlin's control prevented him from filing the petition on time or affected the availability of § 2255 as a remedy.[5]  The court, therefore, denies Mr. Winderlin's motion as untimely.  Because Mr. Winderlin's motion fails on jurisdictional grounds, the court does not reach his claims of ineffective assistance of counsel or credit for time served.

## **CONCLUSION**

The court DENIES Mr. Winderlin's motion to vacate, set aside, or correct his sentence [#1].  The clerk's office is directed to close the case.

DATED this 11th day of October, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[4] Fed. R. App. P. 4(b)(1).

[5] *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).