IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER JAMES WINDERLIN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON EVIDENTIARY HEARING<br><br><br><br>Case No. 2:02-CR-522 TS |

I.  INTRODUCTION

On September 3, 2009, the Court heard evidence on the allegation that Defendant violated the terms of his supervised release by committing a crime of Domestic Assault on April 23, 2009.

II.  FINDINGS OF FACT

The parties have briefed the issue and the Court finds as follows by the preponderance of evidence:

On the night of April 23, 2009, Defendant was at his home with his live-in girlfriend (Girlfriend) of two years. Defendant runs his business out of the home.  Defendant's

friends were at the house drinking when Girlfriend came home and joined them in drinking. It is not clear if Defendant was also drinking that night.

Girlfriend eventually went to bed early while Defendant stayed up with his friends. Several hours later, Defendant woke Girlfriend up by hitting her again and again while voicing his complaints about her.

Girlfriend eventually escaped and ran into the nearby convenience store/gas station. She asked the attendant, who knew her, to call the police.  When the police arrived, she reporting Defendant's actions and filled out a police report.   The police sought Defendant but could not located him.

In the meantime, Defendant had called a friend's home and asked for ride. The friend drove over and picked up Defendant, but was unaware that the police were looking for Defendant.  Defendant spent the rest of the night at the friend's home.

### III.  DISCUSSION AND CONCLUSIONS

Section 3583(e)(3) of Title 18 of the United State Code provides, in part:

> The court may, after considering the factors set forth in section 3553 . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release.[1]

---

[1] 18 U.S.C. § 3583(e)(3).

The Revocation Petition alleges four violations, including:

Allegation No. 1: On or about April 23, 2009, the defendant committed another federal, state, or local crime, to wit: Domestic Assault.

Defendant argues that the alleged domestic assault did not occur, and, therefore, the Court should dismiss the allegation that he violated the terms of his supervised release and reinstate his term of supervised release. Defendant argues that if the Court finds that the assault did occur, it was only a misdemeanor domestic assault, not a felony assault under Utah law. Such a misdemeanor would be a Grade C violation.[2] Therefore, he requests that he be given credit for time served (about four months) and continued on supervised release.

The government contends that an assault has occurred as testified by the Girlfriend, that it constitutes a felony aggravated assault under Utah law, and, therefore, is a Grade B violation. Grade B violations involve "conduct constituting a . . . state, or local offense punishable by a term of imprisonment exceeding one year."[3] The government asks for a sentence in the range of 21-27 months.

The Court finds that the alleged domestic assault occurred as set forth above. Therefore, the Court must determine the grade of the violation. It is Defendant's "actual conduct," that determines the grade of his violation for purposes of the sentencing Guidelines, not how, or if, it is charged by the appropriate prosecuting body.[4]

---

[2] U.S.S.G. §7B1.1(3) (conduct constituting a "state, or local offense punishable by a term of imprisonment of one year or less").

[3] *Id.* §7B1.1(a)(2).

[4] *Id.* § 7B1.1 Application Note 1.

3

The Utah Statutes provide:

(1) Assault is:

    (a) an attempt, with unlawful force or violence, to do bodily injury to another;
    (b) a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or
    (c) an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another.

(2) Assault is a class B misdemeanor.
(3) Assault is a class A misdemeanor if:
    (a) the person causes substantial bodily injury to another; . . .[5]

A person commits aggravated assault if he commits assault as defined in section 76-5-102 and he:

    (a) intentionally causes serious bodily injury to another; or
    (b) under circumstances not amounting to a violation of Subsection (1)(a), uses a dangerous weapon as defined in Section 76-1-601 or other means or force likely to produce death or serious bodily injury.[6]

Section 76-1-601 provides the following definitions:

(3) "Bodily injury" means physical pain, illness, or any impairment of physical condition.

                                                     \* \* \*

(5) "Dangerous weapon" means:

    (a) any item capable of causing death or serious bodily injury; . . .

                                                     \* \* \*

---

[5] Utah Code Ann. § 76-5-102.

[6] *Id.* § 76-5-103(1).

(11)  "Serious bodily injury" means bodily injury that creates or causes serious permanent disfigurement, protracted loss or impairment of the function of any bodily member or organ, or creates a substantial risk of death.

(12)  "Substantial bodily injury" means bodily injury, not amounting to serious bodily injury, that creates or causes protracted physical pain, temporary disfigurement, or temporary loss or impairment of the function of any bodily member or organ.[7]

The Court finds that Defendant's conduct caused Girlfriend substantial bodily injury. Therefore, Defendant committed assault (a misdemeanor), not aggravated assault (a felony).  Therefore, the Court finds a Grade C violation.

The Court will defer findings on the other alleged violations until the scheduled hearing.

SO ORDERED

DATED   October 2, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *Id.* § 76-1-601(3), (5), (11), and (12).